Law Offices of
VIJAYANT PAWAR
35 Airport Road, Suite 330
Morristown, New Jersey 07960
Tel.: (973) 267-4800
Fax: (973) 215-2882
Vik Pawar, Esq. (VP9101)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS PEREZ<br><br>Plaintiff,<br><br>vs.<br><br>TOWNSHIP OF BELLEVILLE,<br>BELLEVILLE POLICE DEPARTMENT,<br>LAURA BADILLO, MAYRA BADILLO,<br>JOHN DOES 1-20, and JANE DOES 1-20,<br><br>Defendants. | Civil Action No.<br><br><br><br>**COMPLAINT**<br><br>**AND JURY DEMAND** |

Plaintiff, CARLOS PEREZ, by way of Complaint against the defendants, respectfully alleges as follows:

**NATURE OF THE ACTION**

1. This is an action alleging deprivations of plaintiff's civil rights, privileges and immunities guaranteed to them by way of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §§1983, 1985 and 1988, and the New Jersey State Constitution and rights secured under New Jersey State Laws.

## JURISDICTION and VENUE

2.      The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, and 1343.  Plaintiff also respectfully invokes the Court's supplemental jurisdiction under § 1367 to address issues of state law since he has complied with the Notice of Claim requirements.

3.      Venue is properly laid under U.S.C. § 1391(b), in that the allegations contained in this federal complaint arose in the District of New Jersey.

## JURY DEMAND

4.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

5.      Plaintiff, CARLOS PEREZ (hereinafter "CARLOS"), is a Puerto-Rican and at all times relevant herein is a resident of the County of Essex and the State of New Jersey.

6.      Defendant TOWNSHIP OF BELLEVILLE was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

7.      Defendants LAURA BADILLO and MAYRA BADILLO are individuals who, upon information and belief, reside at 76 Prospect Street, Belleville, New Jersey 07109.

8.      Defendant BELLEVILLE POLICE DEPARTMENT is a duly authorized public authority and/or police department, authorized to perform all functions of a police department as allowed by the State of New Jersey.

9.      Defendant JOHN and JANE DOES 1-20, are yet to be identified individuals who are members of the BELLEVILLE Police Department and are sued in their individual, official and supervisory capacities.

10.     That at all times hereinafter mentioned, the aforementioned defendants, either personally or through their employees, were acting within the scope of their employment and under color of state law and/or in compliance and furtherance of the official rules, regulations, laws, customs, usages and/or practices of the Township of BELLEVILLE and BELLEVILLE Police Department.  Defendants were motivated by racial animus and their failure to train officers and were motivated by a rush to close case-files and the need to harass innocent citizens.

## FACTS

11.     Plaintiff CARLOS was involved in a past relationship with defendant MAYRA BADILLO.

12.     At the time of the incident giving rise to the complaint, plaintiff CARLOS and MAYRA BADILLO were no longer in a relationship and CARLOS had moved out of Belleville.

13.     In fact, plaintiff CARLOS broke off the relationship because defendants LAURA and MAYRA BADILLO had a history of filing false charges against any person who was involved in a relationship with MAYRA BADILLO.

14.     On or about August 13, 2007, defendant LAURA BADILLO was allegedly a victim of strong-arm robbery close to her residence in Belleville.

15.     Defendant LAURA BADILLO allegedly lost only a make-up kit during this robbery.

16.     At the time of the alleged robbery, CARLOS was a resident of the City of Newark.

17.     All the parties involved, including the post office, was aware of CARLOS' new residence.

18.     Defendants POLICE OFFICERS knew or should have known that MAYRA and LAURA BADILLO had a history of filing false complaints.

19.     Notwithstanding the past history of the BADILLOS, POLICE OFFICERS failed to properly investigate the veracity of the alleged robbery and alibi and continued their tunnel-vision of the only person they insisted had committed the crime.

20.     Despite knowing the whereabouts of CARLOS, the defendants posted a "WANTED-For Strong Arm Robbery" poster with CARLOS' photo all over the town in BELLEVILLE.

21.     CARLOS was subject to ridicule and defamation by this outrageous conduct.

22.     All the while, had the defendants checked his alibi, they would have known that CARLOS was asleep at the time of the alleged robbery and this could have been verified by his fiancée with whom he was with at the time of the alleged robbery.

23.     Defendants in their quest to harass, intimidate, defame and target CARLOS failed to conduct even the most basic investigation of the robbery.

24.     Defendants were also upset that CARLOS a person of Puerto-Rican descent had been involved in a relationship with MAYRA BADILLO, who was of Italian descent.

25.     On or about August 21, 2007, CARLOS was falsely arrested by defendants.

26. Following his arrest, he was taken to BELLEVILLE police headquarters and subject to harsh interrogation tactics, racial slurs, beating, intimidation and threats at the hands of defendant officers.

27. CARLOS was also unnecessarily subject to strip search even though there was no base for such a search.

28. As a result of the false charges against CARLOS he was housed at Essex County Gang Unit and bail was set unreasonably high.

29. In addition, due to a past failure by Defendants to remove a detainer on CARLOS, he was unable to post bail.

30. CARLOS spent approximately fourteen (14) days in jail because of the outrageous conduct of the defendants.

31. On or about April 2008, all the charges against CARLOS were dismissed.

## AS AND FOR A FIRST CAUSE OF ACTION

32. Plaintiff repeats the allegations contained in paragraphs "1 through "31", in this paragraph as if fully set forth herein.

33. As a result of defendants' individual and collective acts, plaintiff was falsely arrested and subjected to the excessive use of force in violation of his civil rights under the Fourth, and Fourteenth Amendments of the United States Constitution and of the rights preserved under the Laws of the State of New Jersey.

34. As a result of defendants' action and/or inaction, plaintiff CARLOS suffered lost employment and wages, damage to his reputation, incurred unnecessary legal fees, suffered physical injuries, mental and emotional trauma, lost enjoyment of life and was

deprived of his movement, civil rights, and overall personal liberty as protected by the United States Constitution and New Jersey State Laws.

35. As a result of the foregoing, plaintiff CARLOS has been damaged and seeks compensatory, along with any punitive damages, costs, and fees as may be deemed just and proper by the Court or jury.

## AS AND FOR A SECOND CAUSE OF ACTION

36. Plaintiff repeats the allegations contained in paragraphs "1 through "35," in this paragraph as if fully set forth herein.

37. As a result of defendants' individual and collective acts, plaintiff was maliciously prosecuted in violation of his civil rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution and of the rights preserved under the Laws of the State of New Jersey.

38. As a result of defendants' action and/or inaction, plaintiff CARLOS suffered lost employment and wages, damage to their reputation, incurred unnecessary legal fees, suffered physical injuries, mental and emotional trauma, lost enjoyment of life and were deprived of their movement, civil rights, and overall personal liberty as protected by the United States Constitution and New Jersey State Laws.

39. As a result of the foregoing, plaintiff CARLOS, has been damaged and seek compensatory, along with any punitive damages, costs, and fees as may be deemed just and proper by the Court, or jury.

## AS AND FOR A THIRD CAUSE OF ACTION

40. Plaintiff repeats the allegations contained in paragraphs "1 through "39", in this paragraph as if fully set forth herein.

41.     As a result of defendants' individual and collective acts, CARLOS was held without justification and was subjected to excessive bail in violation of his civil rights under the Eighth Amendment and Fourteenth Amendments of the United States Constitution and of the rights preserved under the Laws of the State of New Jersey.

42.     As a result of defendants' action and/or inaction, CARLOS suffered lost employment and wages, damage to his reputation, incurred unnecessary legal fees, suffered physical injuries, mental and emotional trauma, lost enjoyment of life and was deprived of his movement, civil rights, and overall personal liberty as protected by the United States Constitution and New Jersey State Laws.

43.     As a result of the foregoing, CARLOS has been damaged and seeks compensatory, along with any punitive damages, costs, and fees as may be deemed just and proper by the Court, or jury.

## AS AND FOR A FOURTH CAUSE OF ACTION

44.     Plaintiff repeats the allegations contained in paragraphs "1 through "43", in this paragraph as if fully set forth herein.

45.     Defendants' failure to provide counsel to CARLOS and failing to warn him of his Miranda rights resulted in the injuries due to defendants' deliberate indifference to his rights under the United States Constitution and of the rights preserve under the Laws of the State of New Jersey.

46.     As a result of defendants' action and/or inaction, CARLOS suffered lost employment and wages, damages to his reputation, incurred unnecessary legal fees, suffered mental and emotional trauma, lost enjoyment of life and was deprived of his movement, civil

rights, and overall personal liberty as protected by the United States Constitution and New Jersey State Laws.

47.     As a result of the foregoing, CARLOS has been damaged and seeks compensatory, along with any punitive damages, costs, and fees as may be deemed just and proper by the Court, or jury.

## AS AND FOR A FIFTH CAUSE OF ACTION

48.     Plaintiff repeats the allegations contained in paragraphs "1 through "47," in this paragraph as if fully set forth herein.

49.     As a result of defendants' individual and collective acts, CARLOS was forced to endure strip-search and suffer indignation and embarrassment and this constituted violation of their civil rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution and of the rights preserved under the Laws of the State of New Jersey.

50.     As a result of defendants' action and/or inaction, CARLOS suffered lost employment and wages, damage to his reputation, incurred unnecessary legal fees, suffered physical injuries, mental and emotional trauma, lost enjoyment of life and was deprived of his movement, civil rights, and overall personal liberty as protected by the United States Constitution and New Jersey State Laws.

51.     As a result of the foregoing, CARLOS has been damaged and seeks compensatory, along with any punitive damages, costs, and fees as may be deemed just and proper by the Court, or jury.

## AS AND FOR A SIXTH CAUSE OF ACTION

52. Plaintiff repeats the allegations contained in paragraphs "1 through "51", in this paragraph as if fully set forth herein.

53. CARLOS was injured by the defendants because their acts were perpetrated based on a custom, usage, pattern and policies instituted by the municipal policy-makers and resulting in violation of plaintiff's civil rights secured under the United States Constitution and of the rights preserve under the Laws of the State of New Jersey.

54. As a result of defendants' action and/or inaction, CARLOS suffered lost employment and wages, damages to his reputation, incurred unnecessary legal fees, suffered physical injuries, mental and emotional trauma, lost enjoyment of life and was deprived of his movement, civil rights, and overall personal liberty as protected by the United States Constitution and New Jersey State Laws.

55. As a result of the foregoing, CARLOS has been damaged and seeks compensatory, along with any punitive damages, costs, and fees as may be deemed just and proper by the Court, or jury.

## AS AND FOR A SEVENTH CAUSE OF ACTION

56. Plaintiff repeats the allegations contained in paragraphs "1 through "55", in this paragraph as if fully set forth herein.

57. CARLOS was injured because defendants were deliberately indifferent in that they failed to adequately train, supervise and or discipline members of the police department and said indifference resulted in violation of plaintiff's rights under the United States Constitution and of the rights preserve under the Laws of the State of New Jersey.

58.     As a result of defendants' action and/or inaction, CARLOS suffered lost employment and wages, damages to his reputation, incurred unnecessary legal fees, suffered physical injuries, mental and emotional trauma, lost enjoyment of life and was deprived of his movement, civil rights, and overall personal liberty as protected by the United States Constitution and New Jersey State Laws.

59.     As a result of the foregoing, CARLOS has been damaged and seeks compensatory, along with any punitive damages, costs, and fees as may be deemed just and proper by the Court, or jury.

## AS AND FOR A EIGHTH CAUSE OF ACTION

60.     Plaintiff repeats the allegations contained in paragraphs "1 through "59", in this paragraph as if fully set forth herein.

61.     CARLOS was injured because the defendants failed to intervene to stop the illegal acts perpetrated on CARLOS and conspired against CARLOS and as a result plaintiff's rights were violated as secured under the United States Constitution and of the rights preserve under the Laws of the State of New Jersey.

62.     As a result of defendants' action and/or inaction, CARLOS suffered lost employment and wages, damages to his reputation, incurred unnecessary legal fees, suffered physical injuries, mental and emotional trauma, lost enjoyment of life and was deprived of his movement, civil rights, and overall personal liberty as protected by the United States Constitution and New Jersey State Laws.

63.     As a result of the foregoing, CARLOS has been damaged and seeks compensatory, along with any punitive damages, costs, and fees as may be deemed just and proper by the Court, or jury.

## AS AND FOR A NINTH CAUSE OF ACTION

64.     Plaintiff repeats the allegations contained in paragraphs "1 through "63", in this paragraph as if fully set forth herein.

65.     As a result of defendants' individual and collective acts, plaintiff was subjected to assault and battery in violation of their rights under the Laws of the State of New Jersey.

66.     As a result of defendants' action and/or inaction, CARLOS suffered lost employment and wages, damages to his reputation, incurred unnecessary legal fees, suffered physical injuries, mental and emotional trauma, lost enjoyment of life and was deprived of his movement, civil rights, and overall personal liberty as protected by the United States Constitution and New Jersey State Laws.

67.     As a result of the foregoing, CARLOS has been damaged and seeks compensatory, along with any punitive damages, costs, and fees as may be deemed just and proper by the Court, or jury.

## AS AND FOR A TENTH CAUSE OF ACTION

68.     Plaintiff repeats the allegations contained in paragraphs "1 through "67", in this paragraph as if fully set forth herein.

69.     As a result of defendants' individual and collective acts, plaintiff was subjected to unlawful imprisonment in violation of his rights preserved under the Laws of the State of New Jersey.

70.     As a result of defendants' action and/or inaction, CARLOS suffered lost employment and wages, damages to his reputation, incurred unnecessary legal fees, suffered physical injuries, mental and emotional trauma, lost enjoyment of life and was deprived of

his movement, civil rights, and overall personal liberty as protected by the United States Constitution and New Jersey State Laws.

71.     As a result of the foregoing, CARLOS has been damaged and seeks compensatory, along with any punitive damages, costs, and fees as may be deemed just and proper by the Court, or jury.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION

72.     Plaintiff repeats the allegations contained in paragraphs "1 through "71", in this paragraph as if fully set forth herein.

73.     Defendants' individual and collective acts was a federal and state abuse of process and in violation of plaintiff's rights secured under United States Constitution and of the rights preserve under the Laws of the State of New Jersey.

74.     As a result of defendants' action and/or inaction, CARLOS suffered lost employment and wages, damages to his reputation, incurred unnecessary legal fees, suffered physical injuries, mental and emotional trauma, lost enjoyment of life and was deprived of his movement, civil rights, and overall personal liberty as protected by the United States Constitution and New Jersey State Laws.

75.     As a result of the foregoing, CARLOS has been damaged and seeks compensatory, along with any punitive damages, costs, and fees as may be deemed just and proper by the Court, or jury.

## AS AND FOR A TWELFTH CAUSE OF ACTION

76.     Plaintiff repeats the allegations contained in paragraphs "1 through "75", in this paragraph as if fully set forth herein.

77.     Defendants' individual and collective acts constituted negligent training and supervision and resulted in violation of CARLOS' rights secured under the Laws of the State of New Jersey.

78.     As a result of defendants' action and/or inaction, CARLOS suffered lost employment and wages, damages to his reputation, incurred unnecessary legal fees, suffered physical injuries, mental and emotional trauma, lost enjoyment of life and was deprived of his movement, civil rights, and overall personal liberty as protected by the United States Constitution and New Jersey State Laws.

79.     As a result of the foregoing, CARLOS has been damaged and seeks compensatory, along with any punitive damages, costs, and fees as may be deemed just and proper by the Court, or jury.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION

80.     Plaintiff repeats the allegations contained in paragraphs "1 through "79", in this paragraph as if fully set forth herein.

81.     As a result of defendants' individual and collective acts, CARLOS was subjected to intentional and negligent infliction of emotional distress and therefore resulted in violation of rights preserved under the Laws of the State of New Jersey.

82.     As a result of defendants' action and/or inaction, CARLOS suffered lost employment and wages, damages to his reputation, incurred unnecessary legal fees, suffered physical injuries, mental and emotional trauma, lost enjoyment of life and was deprived of his movement, civil rights, and overall personal liberty as protected by the United States Constitution and New Jersey State Laws.

83.     As a result of the foregoing, CARLOS has been damaged and seeks compensatory, along with any punitive damages, costs, and fees as may be deemed just and proper by the Court, or jury.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION

84.     Plaintiff repeats the allegations contained in paragraphs "1 through "83", in this paragraph as if fully set forth herein.

85.     Defendants' negligence resulted in violation of CARLOS' rights preserved under the Laws of the State of New Jersey.

86.     As a result of defendants' action and/or inaction, CARLOS suffered lost employment and wages, damages to his reputation, incurred unnecessary legal fees, suffered physical injuries, mental and emotional trauma, lost enjoyment of life and was deprived of his movement, civil rights, and overall personal liberty as protected by the United States Constitution and New Jersey State Laws.

87.     As a result of the foregoing, CARLOS has been damaged and seeks compensatory, along with any punitive damages, costs, and fees as may be deemed just and proper by the Court, or jury.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION

88.     Plaintiff repeats the allegations contained in paragraphs "1 through "87", in this paragraph as if fully set forth herein.

89.     Defendants are liable under the theory of respondeat superior and are thus responsible for violation of CARLOS' rights under the Laws of the State of New Jersey.

90.     As a result of defendants' action and/or inaction, CARLOS suffered lost employment and wages, damages to his reputation, incurred unnecessary legal fees, suffered

physical injuries, mental and emotional trauma, lost enjoyment of life and was deprived of his movement, civil rights, and overall personal liberty as protected by the United States Constitution and New Jersey State Laws.

91.     As a result of the foregoing, CARLOS has been damaged and seeks compensatory, along with any punitive damages, costs, and fees as may be deemed just and proper by the Court, or jury.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION

92.     Plaintiff repeats the allegations contained in paragraphs "1 through "91", in this paragraph as if fully set forth herein.

93.     Defendants are liable for their defamatory actions and are thus responsible for violation of CARLOS' rights under the Laws of the State of New Jersey.

94.     As a result of defendants' action and/or inaction, CARLOS suffered lost employment and wages, damages to his reputation, incurred unnecessary legal fees, suffered physical injuries, mental and emotional trauma, lost enjoyment of life and was deprived of his movement, civil rights, and overall personal liberty as protected by the United States Constitution and New Jersey State Laws.

95.     As a result of the foregoing, CARLOS has been damaged and seeks compensatory, along with any punitive damages, costs, and fees as may be deemed just and proper by the Court, or jury.

**WHEREFORE**, Plaintiff demands judgment against the defendants individually and collectively for the following:

a). Compensatory Damages for pain and suffering to be determined by a jury for serious and permanent physical and mental anguish and economics damages for lost employment and wages and fees incurred thus far, and for humiliation, embarrassment and otherwise degradation as a result of defendants' conduct;

b). Punitive damages to be determined by a jury;

c). Reasonable attorney fees and costs;

d). Injunctive and declaratory relief;

e). Other such and further relief as the Court may deem just and proper.


### CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.


DATED: July 29, 2008

>
> Respectfully submitted,
> Law Offices of
> VIJAYANT PAWAR
> Attorneys for CARLOS PEREZ
>
>
> BY: _s/ Vikrant Pawar_____
>       VIKRANT PAWAR (9101)